1. Knowing and Actual Assistance
The primary tort elements of the aiding and abetting allegation is not disputed by the Defendants. The parties agree that TelexFree established an illegal Ponzi scheme and thus committed a relevant underlying tort. Any analysis of the claims contained in the FCAC begins by examining the allegation that the Defendant either actively participated in and/or substantially assisted in TelexFree's tortious and fraudulent scheme. Participation that is not active, (i.e. passive) does not constitute aiding and abetting"). Similarly, mere assistance, less than substantial, also fails to meet the relevant threshold.
Our Court in In re State Street Cases outlined why passive assistance and inaction does not rise to the level of substantial assistance. Specifically, in State Street, a fraudster used bank accounts in the execution of a fraudulent scheme. The Court found that:
The mere settling of a transaction or providing of a platform, without more, cannot sustain a charge of substantial assistance. Although conventional banking services made it easier to effectuate [a] fraudulent scheme, there was no showing of substantial assistance ... [although] ... participants in the ... scheme used [bank] accounts ... to perpetrate it ... These allegations are precisely the sort of passive assistance and inaction that, without more, does not rise to the level of substantial assistance."
*107 In Re State Street cases , 2013 WL 550815 at *23.
WFA urges the Court to find that the complaint does not sufficiently allege that they have pled the level of substantial assistance necessary for aiding and abetting. The Plaintiff must "demonstrate some measure of 'active participation' " Bamberg v. SG Cowen , 236 F.Supp.2d 79 (D.Mass 2002). It is also clear that substantial assistance is not to be considered without considering the knowledge element. Anderson v. U.S. Bank, Nat. Ass'n , 2014 WL 502955, at *6-7 (Minn. Ct. Appeals Feb. 10, 2014). The conduct of WFA acting by and through it's employee Cardenas establishes that the investment activities provided a mechanism to further the pyramid scheme, particularly by keeping illegal operations hidden from authorities and investors. Further, that WFA was aware of Cardenas' activities and continued to process Wanzeler's investments.
2. Actual Knowledge
The FCAC alleges that Cardenas, with knowledge by WFA (at some point in 2014), was opening and servicing WFA accounts after it had determined to cease services to all TelexFree related activities. Further the services were provided during the time when TelexFree's accounts were being closely examined by government regulatory agencies, and other financial service providers were refusing to do business with TelexFree. TelexFree's operations in Brazil, for example were shut down in mid-2013, that shut down was highly publicized, and WFA had knowledge of it. (FCAC ¶ 1131). I find that the FCAC sufficiently pleads the necessary elements of tortious aiding and abetting.
Conclusion
For the reasons set forth above, the Defendant WFA's Motion to Dismiss (Document No. 614) is granted as to the Third and Fourth Claims for Relief and denied as to the Tenth Claim for Relief.
SO ORDERED.